**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC.,** | : | No. 3:08cv570 |
| **HARRICK MUSIC, INC.,** | : | |
| **EMI VIRGIN SONGS, INC., d/b/a** | : | (Judge Munley) |
| EMI Longitude Music, | : | |
| **STONE DIAMOND MUSIC** | : | |
| **CORPORATION ,** | : | |
| **MICHAEL JOE JACKSON, d/b/a** | : | |
| MiJac Music, | : | |
| **DIMENSIONAL MUSIC PUBLISHING,** | : | |
| **LLC, d/b/a Songs of the Knoll,** | : | |
| **LOWERY MUSIC COMPANY, INC.,** | : | |
| **WARNER-TAMERLANE PUBLISHING** | : | |
| **CORP.,** | : | |
| **CAN'T STOP MUSIC, a division** | : | |
| of Can't Stop Productions, Inc., | : | |
| **JAMES W. BUFFETT, d/b/a Coral** | : | |
| Reefer Music, | : | |
| **FOURTEENTH HOUR MUSIC, INC.,** | : | |
| **SPRINGTIME MUSIC, INC.,** | : | |
| **CHRYSALIS STANDARDS, INC.,** | : | |
| **SONY/ATV SONGS, LLC, d/b/a Sony/** | : | |
| ATV Acuff Rose Music, | : | |
| **ROY KELTON ORBISON, JR., d/b/a** | : | |
| R-Key Darkus Publishing, | : | |
| **ALEXANDER ORBISON, d/b/a Orbi-** | : | |
| Lee Publishing, | : | |
| **BARBARA ORBISON as Trustee,** | : | |
| d/b/a Barbara Orbison Music | : | |
| Company, | : | |
| **MUSCLE SHOALS SOUND** | : | |
| **PUBLISHING CO., INC.,** | : | |
| **RANDOR MUSIC INTERNATIONAL,** | : | |
| **INC., d/b/a Irving Music,** | : | |
| **FORT KNOX MUSIC, INC.,** | : | |
| **TRIO MUSIC CO., INC.,** | : | |
| **G. LOVE, a/k/a Garret Dutton, d/b/a** | : | |

| | |
|---|---|
| **Chicken Platters,** | : |
| **Plaintiffs** | : |
| | : |
| **v.** | : |
| | : |
| **IT'S AMORE CORP.,** | : |
| **T & M DRAM CORP.,** | : |
| **ALEXANDER J. TARAPCHAK, and** | : |
| **VINCE MARINARO,** | : |
| **Defendants** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is defendants' motion for reconsideration (Doc. 37). Having been briefed, the matter is ripe for disposition.

**Background**

This case arises out of copyright infringement claims brought by the plaintiffs against the defendants, who operated a restaurant in South Abington Township, Pennsylvania. The alleged infringement came through the performance of twenty-three songs at the restaurant on October 6 and 7, 2007. Plaintiffs filed a complaint, and the parties engaged in discovery. At the close of discovery, plaintiffs filed a motion for summary judgment. On June 30, 2009, the court issued a memorandum and order granting the plaintiffs' motion for summary judgment and awarding plaintiffs $34,500 in damages and $28,455 in costs and attorney's fees. (See Doc. 35). On July 9, 2009, defendants filed the instant motion for reconsideration. (Doc. 37). The parties then briefed the issue, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Defendants move for reconsideration of this court's decisions granting summary to the plaintiffs. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle merely to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993). Such motions may not be used to give a dissatisfied party a chance to "[change] theories and try again," and thus obtain a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact

3

that Ogden is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

**Discussion**

Defendants raise several grounds for relief in their motion. The court will address each in turn.

### i. Existence of a Valid License

Defendants argue that court erred in concluding that they lacked a valid performance license for the musical compositions in question, and manifest injustice would occur if the court awarded damages when defendants had a license to perform the compositions. In dispute in this case was whether defendants had secured permission to perform the various compositions that were the subject of the lawsuit. United States copyright law "[vests] in the owner of a copyrighted musical composition the exclusive right to perform the work publicly for profit, but the legal right is not self-enforcing." Broadcast Music, Inc. v. Columbia Broadcasting System, Inc., 441 U.S. 1, 4 (1979). Organizations like Broadcast Music, Incorporated ("BMI") (a plaintiff in this case) and the American Society of Composers and Producers ("ASCAP")–from whom defendants claim to possess a license–exist to detect inappropriate uses of copyrighted material and enforce the rights of copyright owners. Id. To prove copyright infringement in the performance context, a plaintiff must demonstrate: "(i) the originality and authorship of the composition involved; (ii) compliance with all formalities to secure copyright; (iii) that the plaintiff is the

4

proprietor of the composition involved in the action, (iv) that the composition was performed publicly for profit at the location alleged; and (v) that the defendant did not have permission from any of the plaintiffs or a representatives [sic] of the plaintiffs for the performance." A & N Music Corp. v. Venezia, 773 F. Supp. 955, 956 (E.D. Pa. 1990).

Though they do not explain how this evidence was unavailable at the time of the court's initial decision, defendants submit information from ASCAP sources which they claim indicates that they had licenses to perform twenty of the twenty-three compositions for which the court found infringement. Defendants also insist that their ASCAP license–purchased after the violations occurred–was retroactively extended to cover October 6 and 7, 2007.[1] The court's conclusion that a violation occurred, defendants therefore claim, was clear error and reconsideration is appropriate.

Even if the court were to conclude that defendants possess an ASCAP license that extends retroactive protection to October 6 and 7, 2007, the court would still find that defendants lacked clearance to perform the compositions that are the basis for this lawsuit. Defendants' motion contains an extensive appendix which purports to prove that the ASCAP license covered twenty of the songs that defendants infringed. That evidence proves no such thing. The defendants provide a series of print-outs

---

[1] There is no dispute, however, that defendants did not possess a license of any sort when the violations actually occurred. They purchased that license at a later date, from ASCAP, not BMI.

5

from the ASCAP website which list compositions the company controls by title. (See Appendix 1 to Plaintiff's Motion (Doc. 37-1)). Many of the titles of those songs are the same or similar to the titles in question here. None of those titles, however, were written by the composer whose rights BMI seeks to protect. Defendants' filing, for instance, indicates that ASCAP protects twenty-seven songs that bear the title "Brown Sugar." None of these titles include a composition by Mick Jagger and Keith Richards.[2] Since the copyright claim was for the song written by these two men, evidence that defendants may have had permission to perform other songs with the same title does not excuse their infringement of the song. Copyright law, after all, is designed to protect the composition and the composer, not the title. The court will deny the motion on this point.

### ii. Individual Liability of Alexander Tarapchak, III

Defendants also argue for reconsideration of the court's conclusion that Defendant Alexander Tarapchak knowingly violated plaintiffs' copyrights because he had been informed that such performances were infringing and allowed performances to continue. Moreover, the court found that as President and Owner of the corporation that controlled the business, he had the ability to countenance or

---

[2] Defendants have refined their argument somewhat from the summary-judgment stage. Previously, defendants had insisted that possessing an ASCAP license cleared performance of all the songs in question, but did not attempt to demonstrate that the license they possessed (after the fact) actually cleared the songs about which plaintiffs complained. They attempt to do so now, but only by claiming that their license covers similar song titles, not the actual songs at issue here. Since the copyright is in the composition, not the title, defendants' argument is unavailing.

6

prohibit the infringing practices. The court rejected Tarapchak's argument that his failed attempts to negotiate a license with BMI are evidence that he did not knowingly violate the plaintiffs' copyrights. Tarapchak made all of the arguments advanced in the instant motion in his brief in opposition to plaintiffs' summary judgment motion. The court rejected them. The purpose of a motion for reconsideration is not to repeat old arguments and convince the court to come to a different conclusion, and the court will deny the motion on this point as well.

### iii. Calculation of the License Fees

The defendants also challenge the damages that the court awarded the plaintiffs. Defendants insist that the court erred in providing damages based on the value of a BMI license as provided by the plaintiffs, contending that BMI's calculations of seating capacity in the restaurant were faulty and the court should not have used them. Defendants contend that the court should have used a license application they submitted to BMI as the basis for calculating the value of the license, not BMI's figures. Defendants here provide no basis for reconsidering the court's decision. The court had the license application and defendants' claims about errors in seating capacity in BMI's proposed license before it when deciding on the amount of damages, and concluded that defendants' willful conduct justified an award of $1,500 per violation, or twice the statutory minimum.[3] The court found the

---

[3] Plaintiffs sought $3,000 per violation in damages. The court considered the purpose of damages, the nature of the violations and the economic situation of the defendants in providing a lower amount in damages.

7

infringement deliberate and used BMI's calculation of the cost of a license as part of the basis for the damages award. Evidence that defendants believed the license should have been less costly does not alter the fact that defendants knowingly violated the copyright and were liable for an award the reflected the nature of their conduct. In any case, defendants' disagreement with the court's conclusion is not a valid basis for reconsideration. As such, the court will deny the motion on these grounds as well.

**Conclusion**

For the reasons state above, the court will deny the motion for reconsideration. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC.,** | : | No. 3:08cv570 |
| **HARRICK MUSIC, INC.,** | : | |
| **EMI VIRGIN SONGS, INC., d/b/a** | : | (Judge Munley) |
| **EMI Longitude Music,** | : | |
| **STONE DIAMOND MUSIC** | : | |
| **CORPORATION ,** | : | |
| **MICHAEL JOE JACKSON, d/b/a** | : | |
| **MiJac Music,** | : | |
| **DIMENSIONAL MUSIC PUBLISHING,** | : | |
| **LLC, d/b/a Songs of the Knoll,** | : | |
| **LOWERY MUSIC COMPANY, INC.,** | : | |
| **WARNER-TAMERLANE PUBLISHING** | : | |
| **CORP.,** | : | |
| **CAN'T STOP MUSIC, a division** | : | |
| **of Can't Stop Productions, Inc.,** | : | |
| **JAMES W. BUFFETT, d/b/a Coral** | : | |
| **Reefer Music,** | : | |
| **FOURTEENTH HOUR MUSIC, INC.,** | : | |
| **SPRINGTIME MUSIC, INC.,** | : | |
| **CHRYSALIS STANDARDS, INC.,** | : | |
| **SONY/ATV SONGS, LLC, d/b/a Sony/** | : | |
| **ATV Acuff Rose Music,** | : | |
| **ROY KELTON ORBISON, JR., d/b/a** | : | |
| **R-Key Darkus Publishing,** | : | |
| **ALEXANDER ORBISON, d/b/a Orbi-** | : | |
| **Lee Publishing,** | : | |
| **BARBARA ORBISON as Trustee,** | : | |
| **d/b/a Barbara Orbison Music** | : | |
| **Company,** | : | |
| **MUSCLE SHOALS SOUND** | : | |
| **PUBLISHING CO., INC.,** | : | |
| **RANDOR MUSIC INTERNATIONAL,** | : | |
| **INC., d/b/a Irving Music,** | : | |
| **FORT KNOX MUSIC, INC.,** | : | |

| | |
|---|---|
| TRIO MUSIC CO., INC.,<br>G. LOVE, a/k/a Garret Dutton, d/b/a<br>Chicken Platters, | :<br>:<br>: |
|         Plaintiffs | : |
| v. | :<br>:<br>: |
| IT'S AMORE CORP.,<br>T & M DRAM CORP.,<br>ALEXANDER J. TARAPCHAK, and<br>VINCE MARINARO, | :<br>:<br>:<br>: |
|         Defendants | : |

## ORDER

**AND NOW**, to wit, this 13th day of August 2009, the defendants' motion for reconsideration (Doc. 37) is hereby **DENIED**.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **UNITED STATES DISTRICT COURT**